# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| BETTY LEWIS FRENCH, | ) | |
|     ID # 38576-177, | ) | |
|         Movant, | ) | No. 3:10-CV-1129-M-BH |
| vs. | ) | No. 3:09-CR-044-M |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Referred to U.S. Magistrate Judge |
|     Respondent. | ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this action has been referred for findings, conclusions, and recommendation.

## I.  BACKGROUND

Betty Lewis French ("Movant"), an inmate currently incarcerated in the federal prison system, filed a *Motion to Vacate, Set Aside, or Correct Sentence* ("Mot.") pursuant to 28 U.S.C. § 2255 to challenge her federal conviction and sentence in Cause No. 3:09-CR-044-M. The respondent is the United States of America ("Government").

### A.    Plea and Sentencing

On February 9, 2009, movant was charged by felony information with theft, embezzlement, and misapplication of funds by a bank employee in violation of 18 U.S.C. § 656. (*See* Information, doc. 1).[1] On February 17, 2009, she pled guilty pursuant to a plea agreement. (*See* Rearraignment Hrg.Trans. t pp. 11-17; Plea Agr., doc. 3). She also signed a factual resume admitting facts sufficient to support her plea. (*See* Factual Resume, doc. 4). In her plea agreement, movant waived the right to contest her conviction and sentence in any direct appeal or collateral proceeding, except to bring a direct appeal challenging her sentence as either exceeding the statutory maximum

---

[1]  All document numbers refer to the docket number assigned in the underlying criminal action.

punishment or having been calculated by way of an arithmetic error or to challenge the voluntariness of her plea or waiver and to bring a claim of ineffective assistance of counsel. (doc. 3 at p. 4). She acknowledged this waiver during the rearraignment hearing. (Rearraignment Hrg Trans. at pp. 15).

After a sentencing hearing on June 10, 2009, the district court entered judgment on movant's guilty plea and sentenced her to 51 months' imprisonment, to be followed by three years supervised release, and $488,449.91 in restitution. (*See* Judgment, doc. 22). Movant did not file an appeal.

**B.** **Substantive Claims**

Movant filed her motion to vacate on June 3, 2010. She claims that: 1) she did not have a lawyer present when she was questioned by FBI officers and was told that she did not need a lawyer; and 2) her trial attorney provided ineffective assistance of counsel by failing to provide information she had to bank regulators, by failing to act on information she gave him regarding bank accounts, and by failing to advise her that there was a deadline to file an appeal. (Mot. at 7). The government filed a response on July 26 2010. (*See* Resp. Opp'n Mot. ("Resp.")). Movant filed a reply on August 24, 2010.

## II. SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defend-

ants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the asserted error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III. WAIVER

Movant first claims that when she was initially questioned by FBI officers, she was told that she did not need an attorney at that time. (Mot. at 7, Reply at 1). The government responds that movant waived this ground for relief by signing the plea agreement and pleading guilty.

Movant voluntarily pled guilty and waived her right to collaterally attack her conviction, except for claims challenging the voluntariness of her plea and waiver and ineffective assistance of counsel. (*See* Plea Agr. at 4). Generally, "an informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (per curiam), *accord United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). "A defendant's waiver of [his or] her right to appeal is not informed if the defendant does not know the possible consequences of [the] decision." *United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992). A defendant's waiver of the right to appeal requires special attention from the district court, and it is the district court's responsibility to ensure that a defendant fully understands her right to appeal and the consequences of waiving that right. *Id*.

During the rearraignment hearing, the Court specifically addressed and read the portion of

the plea agreement waiving the right to appeal and the right to file a writ of habeas corpus except in limited circumstances. Movant was asked directly whether she understood her limited rights to appeal. She stated that she did, and she stated that she wished to waive her appellate rights except in those limited circumstances. (Rearraignment Hrg. Trans. at 15). Movant knowingly and voluntarily waived her right to contest her conviction and sentence in any collateral proceeding, except to challenge the voluntariness of her plea or waiver and to bring a claim of ineffective assistance of counsel. Because her first claim falls outside this narrow exception, she may not assert it in this § 2255 motion, and it should be denied.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Movant also claims that her trial attorney provided ineffective assistance of counsel by failing to: 1) arrange an appointment for her with a bank regulator after she provided him with information that her employer was violating banking laws; 2) act on information that she gave him that her name was on the accounts from which she was accused of embezzling money; and 3) advise her that there was a deadline to file an appeal. (Mot. at 7). In her reply brief, movant also appears to attempt to assert a new claim that her attorney did not explain her right to appeal and that she was waiving it except in limited circumstances. (Reply at 2).

The Sixth Amendment to the United States Constitution provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his or her defense. *See Strickland v. Washington*,

466 U.S. 668, 687 (1984). The *Strickland* test applies when a prisoner alleges denial of effective assistance of counsel in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985).

When a prisoner challenges his plea based on ineffective assistance of counsel, the "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 58. To satisfy this requirement in the plea context, the prisoner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* To show prejudice in the sentencing context, the movant must demonstrate that the alleged deficiency of counsel created a reasonable probability that his sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). The second prong of *Strickland* is not satisfied by mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are also insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

A.     **Information Provided by Petitioner**

Movant claims that her attorney was ineffective for failing to arrange an appointment for her with a bank regulator after she provided him with information that her employer was violating banking laws.

Movant attached to her reply a copy of a letter she received from her attorney, along with a copy of a letter the prosecutor sent to the FBI concerning the information movant provided about

the bank president's alleged misdeeds. (Reply at 6-7). These documents show that her attorney provided the information she had to the prosecutor, who in turn provided it to the FBI. While movant faults her attorney for not arranging a meeting between her and bank examiners, she has not shown what other steps her attorney could have taken. Furthermore, movant has failed to either allege or show that if her attorney had scheduled a meeting, she would not have pled guilty and would have insisted on going to trial. She pled guilty subsequent to her attorney's actions, or inactions, on this matter. Movant has also failed to allege or show that her penalty would have been significantly less harsh if she had had a meeting with bank examiners. Movant was sentenced based on her actions of embezzling hundreds of thousands of dollars from accounts at the bank where she worked. She has not shown a reasonable probability that a meeting concerning alleged additional misdeeds by her employer would have resulted in a lesser sentence for her. Therefore, counsel was not ineffective in this regard.

**B.     Name on Account**

Regarding movant's claim that her attorney was ineffective for failing to investigate information that her name was on bank accounts from which she took money, movant has shown neither that her attorney was ineffective nor that she was prejudiced. To the extent that she is arguing that this is evidence of her innocence, movant signed a Factual Resume containing facts that she stipulated are "true and correct." These facts recite that as a banking officer with the First Bank and Trust Company of Dawson, Texas, movant "stole and embezzled at least $800,000.00 and deposited these stolen monies into personal bank accounts to which she had access", and that she used this stolen money to make payments on personal loans and credit cards, withdraw cash, and make debit card purchases. (Factual Resume, p. 3). At the rearraignment hearing, movant testified under oath that she had read the Factual Resume before signing it and that it contains true facts.

(Rearraignment Hrg Trans. at 16).

A movant 'must allege with specificity what the investigation would have revealed and how it would have altered the outcome' of the proceeding." *Potts v. United States*, 566 F. Supp. 2d 525, 537 (N.D. Tex. 2008) (accepting recommendation of Mag. J.) (quoting *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)). Movant has not shown that further investigation into this issue would have benefitted her case, as she pled guilty to embezzlement and stipulated to the fact that she deposited stolen money into her personal bank accounts. There was testimony at movant's sentencing hearing that she moved stolen money into accounts in her name, as well as the names of her children. (Sentencing Hearing Transcript at 23). She admitted at the rearraignment hearing that she was guilty of the essential elements of the offense, and she signed a plea agreement stating that she was pleading guilty because she was guilty. (Rearraignment Hearing Transcript at 12; Plea Agreement at ¶ 11). Finally, movant has not alleged or shown that if her attorney had further investigated this issue, she would not have pled guilty and would have insisted on going to trial. Trial counsel was not ineffective in this regard, and this claim should be denied.

**C.**     **Deadline to File an Appeal**

Movant next contends that her attorney was ineffective for failing to advise her that there was a deadline to file an appeal. (Mot. at 7).

Movant has failed to establish that she was unaware of the deadline to appeal. At her sentencing hearing, the district judge made the following statement to her:

> Now, Ms. French, to the extent that you might wish to appeal from any aspect of this case, if you have not waived your right to do so, you may do so within ten days of the date of judgment. The court has already determined that you are entitled to an appointed counsel, and if you wish to appeal you may receive court-appointed counsel in connection with any appeal.

(Sentencing Hearing Transcript at 55-56). Contrary to her claim, movant was made aware that there

was a deadline to file an appeal.

Furthermore, movant has failed to show any prejudice. The only issues movant was permitted to raise in a direct appeal were issues having to do with the calculation of her sentence. Movant has failed to either allege or show that she has a meritorious claim regarding the calculation of her sentence that she was not permitted to raise because she did not file a direct appeal. Accordingly, this claim is without merit. *See Blanton v. Quarterman*, 543 F.3d 230, 245 (5th Cir. 2008) (holding that, to show prejudice from a failure to raise an issue on appeal, movant must show a reasonable probability "that the outcome on appeal would have changed" but for the deficiency of counsel).

### D. **Right to File an Appeal**

Movant alleges for the first time in her reply brief that her attorney did not ask her about an appeal, she did not understand that she waived her right to appeal, her attorney told her to say "yes" to all of the questions at the rearraignment hearing, and she was never asked about an appeal in court. (Reply at 2).

Rule 2(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires that motions filed pursuant to 28 U.S.C. § 2255 "specify all the grounds for relief available to the moving party." Movants may amend their § 2255 motions in accordance with FED. R. CIV. P. 15. *See United States v. Saenz*, 282 F.3d 354, 355-56 (5th Cir. 2002). New claims raised for the first time in a reply brief need not be considered by the Court, however. *See United States v. Marroquin*, No. 3:08-CV-0489, 2009 WL 89242, at *4 (N.D. Tex. Jan. 12, 2009); *Bonds v. Quarterman*, No. 4:07-CV-674, 2008 WL 4367294, at *3 n. 1 (N.D. Tex. Sept. 24, 2008); *see also United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998) (holding that a district court does not abuse its discretion in refusing to consider new issues in a § 2255 reply brief after the

8

government filed its response).

After the government filed its response to the motion to vacate, movant could properly amend her motion only by obtaining written consent of the government or leave of court. *See* FED. R. CIV. P. 15(a). She did neither, so the Court may decline to consider the ineffective assistance of counsel claim asserted for the first time in her reply.

Even if this claim was considered on its merits, the record also belies movant's assertion that she did not know she was waiving appellate rights. Movant signed a plea agreement that clearly states that she waived her rights:

> to appeal from her conviction and sentence. She further waives her right to contest her conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. French, however, reserves the right (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment; or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of her plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

(Plea Agreement, ¶ 10). The plea agreement also states that she received from her lawyer explanations about each of the paragraphs of the plea agreement, including each of her rights affected by the agreement. (Plea Agreement, ¶ 11). In addition, at the rearraignment hearing, movant stated that she had read the plea agreement before she signed it, that she understood that she was waiving her appellate rights except in specific circumstances that were explicitly read into the record, and that she wished to waive these rights. (Rearraignment Hrg. Trans. at 12-13, 15).

> [R]epresentations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Courts also presume the regularity of court docu-

ments and accord them "great weight." *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillain v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that court records "are entitled to a presumption of regularity").

Movant's conclusory assertions that her attorney did not explain, and that she was unaware of, the appellate rights that she waived do not overcome the clear and unambiguous court records that reflect she was made aware of this waiver. Movant has not shown that her attorney was ineffective, and her ineffective assistance claims should be denied.

## V. EVIDENTIARY HEARING

No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The matters reviewed by the Court conclusively show that movant is entitled to no relief. Furthermore, a defendant bringing a claim under § 2255 that conflicts with her sworn testimony must provide "specific factual allegations" regarding the alleged violation of his constitutional rights, and these allegations must be corroborated before a hearing will be required. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). When the movant's "showing is inconsistent with the bulk of [her] conduct or otherwise fails to meet [her] burden of proof in light of other evidence in the record," the Court may dispense with her allegations without an evidentiary hearing. *Id.* Because movant has provided no independent support for her unsworn statements that she was not informed that there was a deadline to file an appeal and did not understand that she waived her rights to appeal most issues, and these statements contradict her sworn statements in open court and the documents that

she signed, she is not entitled to an evidentiary hearing.

## VI. RECOMMENDATION

The *Motion to Vacate, Set Aside, or Correct Sentence* pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SIGNED this 10th day of September, 2010.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE